St. Louis & San Francisco Railroad Company v. Malone.

Opinion delivered September 30, 1912.

1. Appeal and error—abstract—printing entire record.—For the appellant to transcribe in full the record of the entire proceedings of the court below is not a compliance with rule 9 of this court requiring "an abstract or abridgment of the transcript setting forth the material parts of the pleadings, proceedings, facts and documents upon which

he relies, together with such other statements from the record as are necessary to a full understanding of all questions presented to the court for decision." (Page 24.)

2. SAME—SUFFICIENCY OF COMPLIANCE WITH RULE 9.—Where the appellant in his abstract set out the entire record of the court below, the cause will not be affirmed if in the brief there is contained a sufficient abstract or abridgment of the transcript to comply with rule 9. (Page 24.)

Appeal from Craighead Circuit Court, Jonesboro District; *Frank Smith,* Judge; affirmed.

### STATEMENT BY THE COURT.

The appellee sued the appellant for personal injuries, alleging in substance that she was a passenger on appellant's train from Memphis, Tenn., to Jericho, Ark.; that while the train was stopped at Jericho she proceeded with due diligence to the platform of the coach in which she was riding for the purpose of alighting from the train, and when she had reached the platform, but before she had reasonable time to alight, defendant's servants negligently caused the train to violently lurch forward without notice or warning to plaintiff, thereby hurling her from the platform of said train to the ground below, where she fell and was severely injured.

The appellant denied the allegations of the complaint as to negligence, and set up that the plaintiff herself was negligent in delaying to leave the train, alleging that, after the train had been held at the station a reasonable length of time for all passengers to alight, plaintiff delayed leaving the train; that the train then started in the usual and ordinary way, and after it had started the husband of plaintiff notified the employees on the train that plaintiff was on the train and desired to alight, whereupon the employees commenced to stop the train in order to give plaintiff an opportunity to alight, but before the train was fully stopped plaintiff attempted to alight while the train was in motion, and thereby was caused whatever injuries plaintiff received, the same being produced by her own negligence in attempting to step from the train while the same was in motion.

The court gave, among others, the following instructions:

"1. The court instructs the jury that if you find from the preponderance of the evidence that plaintiff was a passenger on defendant's train, and that she was injured, and that

such injuries were caused by a moving train of the defendant, then you are instructed that this is *prima facie* proof of negligence on the part of said defendant."

"2. If you find from the preponderance of the evidence that plaintiff was a passenger on defendant's train, and her destination was Jericho, a station on defendant's road, and that defendant's servants, on arriving at the said station of Jericho, failed to stop said train a sufficient length of time for plaintiff, she using such diligence and dispatch as an ordinarily prudent person would have used under all the circumstances to safely debark and alight from said train, but started said train without notice to plaintiff, and thereby injured plaintiff, without negligence on her part contributing to the injury, your verdict will be for the plaintiff."

The appellant duly excepted to these instructions. The verdict was in favor of the appellee in the sum of $500. Judgment was entered for that sum, to reverse which this appeal has been duly prosecuted.

*W. F. Evans,* and *W. J. Orr,* for appellant.

*The appellee, pro se.*

Wood, J., (after stating the facts). The appellant's abstract is a transcript of the record of the entire proceedings of the court below. This does not comply with rule 9 of this court, which requires "an abstract or abridgment of the transcript setting forth the material parts of the pleadings, proceedings, facts and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of all questions presented to the court for decision."

This rule was intended to conserve the time of the court and to relieve it of the necessity of reading the entire record of the proceedings below in order to understand the questions upon which appellant relies for reversal of the judgment appealed from. Appellee does not complain of this, and we will not affirm the case for want of a proper abstract, because upon an examination of appellant's brief we find there is a sufficient abstract of the proceedings, with the exception of mention of the motion for a new trial, to comply with the requirements of rule 9.

After reading the entire record, we are of the opinon that the issues of appellant's and appellee's negligence, as raised by the pleadings, were questions of fact for the jury, and it could serve no useful purpose as a precedent to set out and discuss in detail the evidence upon which the verdict was rendered.   Suffice it to say that there was evidence on the part of the appellee tending to prove the allegations of negligence set up in her complaint, and, on the other hand, there was evidence on the part of the appellant tending to prove that appellee was negligent on her part, as set forth in appellant's answer.   These were questions of fact for the jury, and their verdict is amply sustained.

Appellant contends that instructions 1 and 2 are abstract and not applicable to the facts as presented by the testimony embodied in this record, but we are of the opinion that the instructions were bottomed upon the evidence and fairly submitted the issues to the jury.

The contention of appellant that appellee had to give it notice of the conditions existing here under the evidence, when the passengers were getting on and off the train, can not be sustained.   It was the duty of the employees of appellant to be present and to take notice of these conditions.   Appellant is presumed therefore to have had knowledge of them. No duty to notify it devolved on appellee.

These and three other instructions which the court gave, and which the appellant has not noticed in its brief, contain familiar principles of law which have already been announced and approved by this court, and it is unnecessary to discuss them.   *Barringer v. St. Louis, I. M. & S. Ry. Co.,* 73 Ark. 548.

Finding no error, the judgment is affirmed.